UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 10-00193-02-CR-W-FJG |
| BENJAMIN P. EVERETT, | ) ) ) |
| Defendant. | ) ) |

**ORDER**

Currently pending before the Court is defendant's Motion to Reduce Sentence and Modify Conditions of Release (Doc. # 390).

**I.  BACKGROUND**

On March 21, 2011, Everett pled guilty to Counts One and Eleven of the Indictment, charging violations of 18 U.S.C. §§ 371 and 1028A(a)(1) and (2), that is conspiracy and aggravated identity theft.  On March 19, 2012, Everett was sentenced to the custody of the Bureau of Prisons for a term of 60 months on Count One, and 24 months on Count Eleven, to be served consecutively for a total term of 84 months.  Everett was also ordered to be on supervised release for three years.

**II.  DISCUSSION**

Everett raises three claims in his motion: 1) his term of supervised release is too harsh and should be reduced; 2) the time he spent in custody during pretrial should be counted toward his sentence and 3) the guidelines applied to him are ambiguous, relevant conduct applied led to an increase in his punishment and a two point gun enhancement does not apply to him.

First, as the Government notes in its response, Everett's request for a reduction in his supervised release term is premature. Title 18 U.S.C. §3583(e)(1) states as follows:

> **(e) Modification of conditions or revocation** - -The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7)—
>
> (1)   terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

Pursuant to the Bureau of Prison's website, Everett's release date is July 18, 2017. Thus, because he has not yet completed his sentence nor commenced his term of supervised release, a motion to reduce the length of supervised release is premature.

Everett's second claim is that any form of pretrial detention (including bond) should be counted toward his sentence. This is incorrect. Time spent on bond in the pretrial phase does not count as time served against any impending sentence. Title 18 U.S.C.§ 3585(b) states in part:

> **(b) Credit for prior custody** - - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
> **(1)** as a result of the offense for which the sentence was imposed; or
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Time spent while released on bond is not considered time spent in "official detention." Everett was arrested in the Northern District of Illinois on July 7, 2010. Everett made an initial appearance on the indictment before a magistrate judge in Illinois. He was then remanded to custody pending a detention hearing. On July 9,

2010, the magistrate judge in Illinois released Everett on bond pending his appearance in the Western District of Missouri. On July 29, 2010, Everett made his first appearance in the Western District of Missouri and was continued on bond. On March 21, 2011, Everett appeared before the court and pled guilty. The Court continued Everett on bond pending his sentencing. Thus, at most Everett spent 2 days in custody (July 7- 9, 2010), the remainder of the time he was out on bond. Even if Everett is entitled to two days credit, this Court is not empowered to act on Everett's request for credit, because he has not shown that he has exhausted his administrative remedies. In Rodriquez v. Rivera, No. 2:15-CV-00014DPM-JTK, 2016 WL 718788, (E.D.Ark. Feb. 2, 2016), the Court explained:

> It is the responsibility of the BOP, once a prison sentence has been imposed, to determine how much credit an inmate should receive for any time spent in custody before service of the BOP sentence. . . .Computation of a federal sentence is governed by 18 U.S.C. §3585 and is comprised of two steps: first, determining the date on which the sentence "commences," and second, determining the extent to which credit is given for time spent in custody prior to commencement of the sentence. . . .Prisoners with questions or contentions about computation may seek administrative review of the calculation of their sentence and credits. 28 C.F.R. §§542.10 - 542.16. After exhausting the available administrative remedies, prisoners may seek judicial review.

Id. at *2 (Internal citations omitted). Thus, if Everett believes that he is entitled to credit for the two days that he spent in custody, before being transferred, he must first exhaust his administrative remedies. Everett is not entitled to credit for the time that he was on bond during the pre-trial period, because he was not "officially detained".

Everett's third claim is that guideline ambiguity, recent amendments to the guidelines and recent case law should result in a review of his sentence. Everett argues that his sentence should be reviewed in light of the Supreme Court's recent decision in Johnson

3

v. United States, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). However, as the Government notes, Johnson dealt with the Armed Career Criminals Act (ACCA), 18 U.S.C. § 924(e)(1). Section 924(e)(1) applies to convictions of 18 U.S.C. § 922(g). Everett was never charged with a violation of 18 U.S.C. § 922(g), thus this case does not apply to his sentence. Additionally, Everett's claim that a 2 point gun enhancement should be reviewed is irrelevant, as no enhancement was found to apply to his case. Finally, Everett asks for a review of "[a]ny Sentencing Guideline based enhancement or calculation factor of any kind – if applicable to me – wherein I was increased in punishment for ambiguous priors . . . . [a]ny situation where conduct was alluded to in its nature or severity but which could not by facts be concretely nailed down such as to fit squarely into any specific category of prohibited acts or conduct such that there could be considered to be ambiguity . . .." (Motion for Reduction, p. 3). The Government argues that Everett has not stated with specificity what those enhancements, calculations or factors are and his request is vague and legally insufficient. The Court agrees and finds that the request is not specific enough to determine on what basis Everett is challenging his sentence. Accordingly, for these reasons Everett's claim is denied.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court hereby **DENIES** Everett's Motion to Reduce Sentence. (Doc. # 390).

Date: February 17, 2017  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
United States District Judge

4

Case 4:10-cr-00193-FJG    Document 393    Filed 02/17/17    Page 4 of 4